1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

SERGIO JOVANY ESCOBAR MIRANDA,

12

Plaintiff,

13

v.

14

15

COUNTY OF LOS ANGELES, et al.,

16

17

Defendants.

18

Case No. 2:19-cv-03320-GW-SHK

**ORDER DISMISSING COMPLAINT, WITHOUT PREJUDICE**

19

## I.    BACKGROUND

20

On April 11, 2019, Plaintiff Sergio Jovany Escobar Miranda ("Plaintiff"),

21

proceeding pro se and in forma pauperis, constructively filed[1] a civil rights

22

complaint ("Complaint" or "Compl.") pursuant to 42 U.S.C. § 1983 ("§ 1983")

23

against the County of Los Angeles ("County"), a nurse practitioner identified only

24

as "Salvador," lead cook "Jon Doe" at Men's Central Jail, and "Jon Doe doctor" at

25

26

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v.

27

Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se

28

prisoners).

Twin Towers Correctional Facility (collectively, "Defendants").  Electronic Case Management Number ("ECF No.") 1, Compl.  On May 29, 2019, the Court dismissed Plaintiff's Complaint, with leave to amend ("ODLA") and granted Plaintiff twenty-one days to file a First Amended Complaint ("FAC"), should he so choose.  ECF No. 8, ODLA.

After granting Plaintiff numerous extensions of time, on June 1, 2020, the Court received Plaintiff's Motion for Enlargement of Time and Declaration ("Motion") to file a FAC.  ECF No. 35, Motion.  In his Motion, Plaintiff sought a sixty-day extension, until and including July 30, 2020, to file his FAC because Plaintiff had not received a response from the United States Marshal Service ("USMS") regarding his subpoena duces tecum service request, which the Court sent to the USMS on November 25, 2019.  Id.; see also ECF No. 21, Order Directing USMS Service.  Plaintiff asserted that he cannot "obtain Jo[h]n Doe defendant names and Los Angeles County Jail medical procedure[s,]" which he needs in order to complete his FAC, until his subpoenas are served.  ECF No. 35, Motion at 1-2.  Plaintiff asserted that he had not received proof of service for [his] subpoena" despite requesting a status update on service on March 5, 2020.  Id.

Good cause appearing, the Court granted Plaintiff an extension to and including July 30, 2020, to file his FAC or to notify the Court if he has not received a response.  ECF No. 36, Order Granting Extension.  On that same date, the Clerk of Court mailed the Order Granting Extension to Plaintiff's address of record.  On July 16, 2020, the Court received the mail returned as undeliverable to Plaintiff at the address on record.  ECF No. 38, Returned Mail.  On July 21, 2020, the Court received notice from the USMS that Plaintiff's subpoena had been served on July 8, 2020 ("USMS Process Receipt & Return").  ECF No. 37, USMS Process Receipt & Return.

After Plaintiff failed to file a FAC or to otherwise contact the Court, the Court issued an Order to Show Cause ("OSC"), by August 21, 2020, why Plaintiff's

1  action should not be dismissed for failure to prosecute and to follow court orders.

2  ECF No. 39, OSC.  The Court noted that Plaintiff had failed to keep the Court

3  apprised of his address, as is required by California Central District Local Rule

4  ("L.R.") 41-6, which provides that a pro se litigant must keep the Court and

5  opposing parties apprised of the party's current address, and that

6  > [i]f mail directed by the Clerk to a pro se plaintiff's address of record is

7  > returned undelivered by the Postal Service, and if, within fifteen days

8  > of the service date, such plaintiff fails to notify, in writing, the Court

9  > and opposing parties of the plaintiff's current address, the Court may

10 > dismiss the action with or without prejudice for want of prosecution.

11 Id.

12        The Court instructed Plaintiff that he may comply with the OSC by notifying

13 the Court, in writing, of his current address and by filing his FAC.  Id.  The Court

14 warned Plaintiff "**that failing to update his current address by the foregoing**

15 **deadline will result in a recommendation that this action be dismissed.**"  Id.

16 (emphasis in original).  Plaintiff did not file a FAC or otherwise contact the Court.

17                                    **II.    DISCUSSION**

18        District courts have sua sponte authority to dismiss actions for failure to

19 prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v.

20 Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S.

21 Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an

22 action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's

23 failure to prosecute or comply with the Federal Rules of Civil Procedure or the

24 court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering

25 dismissal for failure to comply with court orders).

26        In deciding whether to dismiss for failure to prosecute or comply with court

27 orders, a district court must consider five factors: "(1) the public's interest in

28 expeditious resolution of litigation; (2) the court's need to manage its docket; (3)

3

1  the risk of prejudice to the defendants; (4) the public policy favoring disposition of

2  cases on their merits; and (5) the availability of less drastic sanctions." Henderson

3  v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291

4  F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson).

5  "Dismissal is appropriate 'where at least four factors support dismissal, or where

6  at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-

7  09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting

8  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations

9  omitted) (citing Ferdik, 963 F.2d at 1263)).  In a case involving sua sponte

10 dismissal, however, the fifth Henderson factor regarding the availability of less

11 drastic sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

12    Here, the first two factors—public interest in expeditious resolution of

13 litigation and the Court's need to manage its docket—weigh in favor of dismissal.

14 Despite numerous extensions and warnings, Plaintiff has failed to respond to

15 multiple Court orders, has failed to file his FAC, and has failed to provide an

16 address at which he can be reached.  This failure to prosecute and follow Court

17 orders hinders the Court's ability to move this case toward disposition and

18 suggests Plaintiff does not intend to litigate this action diligently.  See id.

19    The third factor—prejudice to Defendant—also weighs in favor of dismissal.

20 A rebuttable presumption of prejudice to a defendant arises when plaintiffs

21 unreasonably delay prosecuting an action.  See In re Eisen, 31 F.3d 1447, 1452-53

22 (9th Cir. 1994) (citations omitted).  Here, Plaintiff has not offered any excuse for

23 his failure to comply with the Court's order, provide a valid address at which he

24 can be reached, or respond in a timely manner.  Therefore, this "prejudice"

25 element favors dismissal.

26    The fourth factor—public policy in favor of deciding cases on the merits—

27 ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to

28 move litigation towards disposition at a reasonable pace and to avoid dilatory and

1  evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).

2  Plaintiff has not met this responsibility despite having been: (1) instructed on his

3  responsibilities; (2) granted sufficient time in which to discharge them; and (3)

4  repeatedly warned of the consequences of failure to do so.  See, e.g., ECF Nos. 14,

5  16, 25, 31, 36, 39.  Under these circumstances, though this policy favors Plaintiff,

6  it does not outweigh Plaintiff's repeated failure to obey Court orders or to file

7  responsive documents within the time granted.

8          The fifth factor—availability of less drastic sanctions—also weighs in favor

9  of dismissal.  The Court cannot move the case toward disposition without

10  Plaintiff's compliance with Court orders or participation in this litigation.  Despite

11  repeated attempts by the Court to obtain a response, Plaintiff has shown he is

12  either unwilling or unable to comply with Court orders by failing to file responsive

13  documents, failing to comply with Court orders when he does file responsive

14  documents, and failing to otherwise cooperate in prosecuting this action.  The

15  Court is not aware of any lesser sanction that is available in this case.  See

16  Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction

17  short of dismissal before finally dismissing a case but must explore possible and

18  meaningful alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA

19  (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

20          Accordingly, because it appears that Plaintiff has abandoned this litigation,

21  and because Plaintiff has repeatedly defied Court orders and failed to comply with

22  local rules, the Court DISMISSES this case, without prejudice.

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

5

1

### III.    ORDER

2          Based on the foregoing, IT IS ORDERED THAT Judgment be entered

3    **DISMISSING** this case without prejudice.

4

5    DATED:  September 8, 2020

George H. Wu
_____
HON. GEORGE H. WU, U.S. District Judge

6

7

8    Presented by:

9    _____

10   HON. SHASHI H. KEWALRAMANI
     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28